```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Donna Marie Arsenault

    v.                              Civil No. 16-cv-386-JL
                                       Opinion No. 2017 DNH 162

U.S. Social Security
Administration, Acting Commissioner


**ORDER ON APPEAL**

Donna Marie Arsenault has appealed the Social Security Administration's ("SSA") denial of her application for a period of disability and disability insurance benefits. An administrative law judge ("ALJ") at the SSA ruled that, despite severe impairments of degenerative disc disease of the lumbar and cervical spine and status post cervical fusion, Arsenault retains the residual functional capacity ("RFC") to perform jobs that exist in significant numbers in the national economy, and thus is not disabled. See 20 C.F.R. §§ 404.1505(a), 416.905(a). The Appeals Council later denied Arsenault's request for review, see id. § 404.967, with the result that the ALJ's decision became the final decision on her application, see id. § 404.981. Arsenault then appealed the decision to this court, which has jurisdiction under 42 U.S.C. § 405(g) (Social Security).

Arsenault has moved to reverse the decision. See LR 9.1(b). The Acting Commissioner of the SSA has cross-moved for an order affirming the ALJ's decision. See LR 9.1(e).

After careful consideration, the court grants Arsenault's motion, denies the Acting Commissioner's motion, and remands for further proceedings.

## I. Applicable legal standard

The court limits its review of a final decision of the SSA "to determining whether the ALJ used the proper legal standards and found facts upon the proper quantum of evidence." Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 655 (1st Cir. 2000). It "review[s] questions of law de novo, but defer[s] to the Commissioner's findings of fact, so long as they are supported by substantial evidence," id., that is, "such evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). Though the evidence in the record may support multiple conclusions, the court will still uphold the ALJ's findings "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991).

## II. **Background**[1]

The ALJ invoked the requisite five-step sequential evaluation process in assessing Arsenault's request for disability and disability insurance benefits. See 20 C.F.R. §§ 404.1520, 416.920. After determining that Arsenault had not engaged in substantial gainful activity after the alleged onset of her disability on July 12, 2013, the ALJ analyzed the severity of her impairments. At this second step, the ALJ concluded that Arsenault had two severe impairments: degenerative disc disease of the lumbar and cervical spine and status post cervical fusion.[2]

At the third step, the ALJ found that Arsenault's severe impairments did not meet or "medically equal" the severity of one of the impairments listed in the Social Security regulations.[3] See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926. After reviewing the medical evidence of record, Arsenault's own statements, the opinion of Arsenault's primary doctor, Dr. Anthony G. Zwaan, M.D., and the opinion of a non-examining State agency medical consultant,

---

[1] The court recounts here only those facts relevant to the instant appeal. The parties' more complete recitation in their Joint Statement of Material Facts (document no. 16) is incorporated by reference. See LR 9.1(d).

[2] Admin. R. at 35.

[3] Id. at 36.

Dr. Hugh Fairley, M.D., the ALJ concluded that Arsenault retained the RFC to perform light work with certain postural limitations.[4] Finding that, even limited in this manner, Arsenault was able to perform jobs that exist in significant numbers in the national economy, see 20 C.F.R. §§ 404.1566 and 416.966, the ALJ concluded his analysis and found that Arsenault was not disabled within the meaning of the Social Security Act.

### III. Analysis

Arsenault argues, among other things,[5] that the ALJ erred by finding that Arsenault failed to follow prescribed treatment. Under the pertinent rule,

> [a]n individual who would otherwise be found to be under a disability, but who fails without justifiable cause to follow treatment prescribed by a treating source which . . . can be expected to restore the individual's ability to work, cannot by virtue of such "failure" be found to be under a disability.

Titles II & XVI: Failure to Follow Prescribed Treatment, 1982 WL 31384, at *1 (S.S.A. 1982) ("SSR 82-59"). The ALJ invoked SSR

---

[4] Id. at 36-42.

[5] Arsenault argues that the ALJ erred in his RFC calculation by (1) finding that the medical evidence does not support Arsenault's allegations as to the severity and limiting effects of her impairments and (2) affording no weight to Dr. Zwaan's opinion. She also contends that the ALJ's conclusion at step five, that Arsenault was able to perform jobs that exist in significant numbers in the national economy, was tainted by his errors earlier in the process. Because the court remands this case on other grounds, the court need not reach these arguments.

82-59 in the context of determining Arsenault's RFC and, more specifically, in his assessment of the credibility of her statements concerning the intensity, persistence, and limiting effects of the symptoms of her medically determinable impairments.  After noting that Arsenault "indicated to [her orthopedist] that she wanted to identify her exact pain generator and if necessary proceed with a lumbar fusion" in early 2014, and in early 2015 told "her pain medication doctor[] that she understood that she needs to have [lumbrosacral] surgery," the ALJ characterized the record as showing that Arsenault delayed this surgery because, among other reasons, she needed to take care of her mother.[6]  The ALJ cast this as a failure to "follow treatment prescribed by physicians" and to undergo a "recommended procedure" without offering the excuse that she could not afford it or could not obtain health insurance.[7]  "[B]ecause none of the acceptable reasons for failure to follow prescribed treatment has been satisfied," the ALJ concluded, "the claimant is found to be without good reason to follow her treating source's recommendation."[8]

---

[6] Admin R. at 38-39.

[7] Id. at 39.

[8] Id.

5

As Arsenault correctly observes, the record suggests that the surgery was not, in fact, prescribed by her physician. To the contrary, she, herself, raised the lumbar surgery with her orthopedist. In light of that undisputed fact, as the Acting Commissioner concedes, the ALJ "erroneously referenced Social Security Ruling 82-52 . . . and 20 C.F.R. § 404.1530, which are inapposite."[9]

The Acting Commissioner argues that this error was harmless, however, because the ALJ may consider "a 'reluctance to pursue recommended treatments' . . . in the assessment of a Plaintiff's subjective complaints."[10] Failure to pursue recommended treatments certainly bears on the credibility of a claimant's complaints. See Rodriguez v. Astrue, No. 11-CV-30119-MAP, 2012 WL 3042306, at *3 (D. Mass. July 24, 2012) ("an ALJ can consider a claimant's reluctance to pursue recommended treatments . . . in assessing credibility") (citations omitted). Here, however, the parties agree that the treatments were requested by Arsenault herself, rather than prescribed by her physician. It is thus unclear whether or to what extent the ALJ's credibility analysis would change absent his clearly

---

[9] Mot. to Affirm (doc. no. 12-1) at 3.

[10] Id.

6

erroneous factual conclusion and his subsequent, inapposite reliance on SSR 82-59.

## IV. Conclusion

For the reasons discussed herein, Arsenault's motion to reverse and remand the Acting Commissioner's decision[11] is GRANTED and the Acting Commissioner's motion to affirm[12] is DENIED. The Clerk of Court is directed to enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

August 24, 2017

cc: Raymond J. Kelly, Esq.
    Terry L. Ollila, Esq.

---

[11] Document no. 8.

[12] Document no. 12.